# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6938 | **DATE** | 1/15/2002 |
| **CASE TITLE** | THE MICHAEL J. BORELLI FAMILY TRUST vs. UNUMPROVIDENT CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order.  Defendant UnumProvident's motion to dismiss [7-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | **JAN 1 7 2002** | |
| ✓ | Docketing to mail notices. | date docketed | 11 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |

FILED-EDS

02 JAN 16  PM 3: 37

Date/time received in central Clerk's Office

mailing deputy initials

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKET**

JAN 1 7 200

THE MICHAEL J. BORRELLI )
FAMILY TRUST and NORMAN J. )
BUGGELE, as Trustee of the Michael J. )
Borelli Family Trust )
           )     **Case No. 01 C 6938**
    Plaintiffs, )
           )     **Hon. John W. Darrah**
      v. )
           )
UNUMPROVIDENT CORPORATION, )
           )
    Defendant. )
           )

## MEMORANDUM OPINION AND ORDER

Defendant, UnumProvident Corporation ("Defendant"), moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiffs', the Michael J. Borelli Family Trust and Norman Buggele's (collectively "Plaintiffs"), complaint. For the reasons set forth below, Defendant UnumProvident's Motion to Dismiss [7-1] is denied.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim'" [citation omitted], he must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

Plaintiffs, the Michael J. Borelli Family Trust and Norman J. Buggele, trustee, have filed a two-count complaint against Defendant, UnumProvident Corporation. Count I seeks a declaratory judgment that Michael J. Borelli's life insurance policy provided coverage to Michael J. Borelli and that, as a result of his allegedly accidental death, benefits are due to the Plaintiffs. Count II alleges a breach of contract under Michael J. Borelli's life insurance policy. For purposes of this Motion to Dismiss, the following allegations are taken as true.

On or before January 1, 1984, Defendant issued Policy No. GSR 4745, a group life insurance policy, through Commercial Insurance Company of Newark, New Jersey, to the University of Chicago for the benefit of its employees.

The insurance policy had liability limits of $500,000 for death or bodily injury caused by an accident. The policy[1] provided, in relevant part, the following:

> To insure eligible persons of the Policyholder and their eligible dependents, if any, (herein called Insured Dependent) identified on the Schedule of Insureds of this

---

[1] Plaintiffs have attached a copy of Group Special Risk Policy No. GSR 4745 as an exhibit to the complaint. Pursuant to Federal Rule of Civil Procedure 10(c), which provides that "[a] copy of any written instrument which is attached as an exhibit to a pleading is a part thereof for all purposes," these documents are part of Plaintiffs' complaint.

policy against loss described in Part I – Description of Coverage, resulting directly or independently of all other causes from bodily injuries caused by accident occurring while this policy is in force, herein called such injuries.

Part III – Exclusions – This policy does not cover loss caused by or resulting from any one or more of the following:

\*\*\*

D. Illness, disease, pregnancy, childbirth, miscarriage, bodily infirmity or any bacterial infection other than bacterial infection occurring in consequence of an accidental cut or wound.

Endorsement No. 1 of the policy provided that beneficiaries of the policy would be those persons "specifically designated in writing" by the insured and held on file by the insured. If no such elections were made, the beneficiary would be the estate of the insured.

Michael J. Borelli (Mr. Borelli), now deceased, was the named insured under a Group Special Risk Policy No. GSR 4745 issued by Commercial Insurance Company, now known as UnumProvident Corporation. The Michael J. Borelli Family Trust Agreement provided that the proceeds under the policies of life insurance and employee benefit plans entered into by Mr. Borelli would constitute the trust estate. Norman Buggele ("Trustee") is the administrator of Mr. Borelli's estate and is the trustee of the trust.

At the time of his death, Michael J. Borelli, was married to Yvonne Borelli ("Mrs. Borelli"). Mrs. Borelli is a beneficiary under the trust agreement.

Mr. Borelli suffered from liver disease. On May 20, 1999, Mr. Borelli was treated at MacNeal Memorial Hospital ("MacNeal") for an opacification of his right lung with pleural

effusion[2]. On that same day, a thoracentesis[3] was performed by the treating doctor at MacNeal. The treating doctor incorrectly performed the thoracentesis below the ninth rib, causing a hemothorax that killed Mr. Borelli. As a result of the doctor's error, Mr. Borelli died on May 20, 1999.

The certificate of death determined that Mr. Borelli's death was accidental and listed the cause of injury as thoracentesis. The Medical Examiner's Postmortem Examination also concluded that Mr. Borelli's death was accidental.

On August 14, 1999, the trust, through its Trustee, filed a claim for death benefits due under the Accidental Death and Dismemberment policy. On March 2, 2000, Defendant denied that any death benefits were due, stating that "the loss of life was not direct and independent of all other causes from an accidental bodily injury."

In November 2000, the trust appealed Defendant's denial of the claim. In a letter dated January 24, 2001, Defendant denied the appeal and once again denied the trust's claim to the death benefits.

## DISCUSSION

Defendant has moved to dismiss Plaintiffs' complaint, arguing that Mr. Borelli's death due to medical malpractice does not, under the law, constitute accidental death.

Defendant relies on *Senkier v. Hartford Life & Accident Insurance Co.*, 948 F.2d 1050 (7th Cir. 1991). In that case, the insurance policy provided benefits for accidental death, but "the policy expressly *exclude[d]* not only 'sickness or disease' but also 'medical or surgical *treatment* of

---

[2]Pleural effusion is the accumulation of fluid between the layers of the lung membranes (the pleura).

[3]A thoracentesis is a procedure to remove fluid from the space between the lungs and the chest wall.

sickness or disease.'" *Senkier*, 948 F.2d at 1051 (emphasis added). The insured, who suffered from Crohn's disease, was diagnosed with an intestinal obstruction. *Senkier*, 948 F.2d at 1051. "A catheter was inserted in a vein beneath her clavicle for the purpose of administering nourishment intravenously", which is the standard treatment for Crohn's disease. *Senkier*, 948 F.2d at 1051. The insured died when the catheter became detached and punctured her heart. *Senkier*, 948 F.2d at 1051.

The Seventh Circuit held that where insureds die "from standard complications of standard medical treatments", they do not "die in or because of an accident"; rather, such deaths are the result of illness. *Senkier*, 948 F.2d at 1053. While injuries that result from medical malpractice are accidental in the sense that they are unintended or infrequent, "[t]he term [accident] is used to carve out physical injuries not caused by illness from those that are so caused, and while injuries caused not by the illness itself but by the treatment of the illness could be put in either bin, the normal understanding is that they belong with illness, not with accident." *Senkier*, 948 F.2d at 1052. The *Senkier* court held that an injury caused by medical malpractice is not an accidental injury under an insurance policy that provided benefits for accidental death and injuries. 948 F.2d at 1050.

In *Litman v. Monumental Life Ins. Co.*, 189 Ill. App.3d 181, 182 (1997), another case relied on by Defendant, the insurance policy contained a clause that provided that the insurer would "not pay a benefit for a loss which is caused by, results from, or contributed to by: . . . [s]ickness or its medical or surgical treatment, including diagnosis." Litman's wife, the insured, was being treated for colitis and had a Hickman line, used to provide nourishment, put in place to prepare her for surgery. *Litman*, 289 Ill. App. 3d at 182. Litman's wife died when the Hickman line perforated the lateral wall of her right atrium, causing cardiac arrest. *Litman*, 289 Ill. App. 3d at 183.

The *Litman* court relied upon *Senkier*, among other similar cases, to hold that an insurer's

medical treatment *exclusionary clause* will bar coverage for deaths "caused by, resulted from, or

. . . *contributed to by medical treatment.*" 289 Ill. App. 3d 186, 188 (emphasis added).

Defendant argues that the instant case is indistinguishable from *Senkier* and *Litman* because

Mr. Borelli, like the insureds in *Senkier* and *Litman*, died from a medical mishap. Therefore,

Defendant argues, Mr. Borelli's death was not accidental.

*Senkier* and *Litman* are distinguishable because, in those cases, the insurance policy

contained medical exclusionary clauses which expressly excluded loss caused by *medical treatment.*

Mr. Borelli's insurance policy does not contain a medical exclusionary clause excluding coverage

of loss resulting from treatment of the illness he suffered but that caused by *illness, disease*, etc., as

more fully set out above.

Under Illinois law, "[i]nsurance policies should be construed strongly against the draftsman

and any exceptions to the general area of protection must be stated in such language and bold type

as to warrant the conclusion that the insured must have understood and accepted them." *Mich.*

*Mutual Liab. Co. v. Hoover Bros., Inc.*, 96 Ill. App. 2d 238, 246 (1968); *see also Heller v. Equitable*

*Life Assurance Soc'y of United States*, 833 F.2d 1253, 1256 (7th Cir. 1987) ("[e]xceptions to liability

must be expressed in unequivocal language so that it is reasonable to assume the insured understood

and accepted these limitations") (citations omitted).

The instant insurance policy contains no unequivocal language in bold type or otherwise

providing that there is an exception to liability for death resulting from medical or surgical treatment

that would warrant the conclusion that Mr. Borelli understood and accepted such a limitation.

Rather, in plain, ordinary language, the policy denies accidental death coverage for deaths that result

from "[i]llness, disease, pregnancy, childbirth, miscarriage, bodily infirmity or any bacterial infection

other than bacterial infection occurring in consequence of an accidental cut or wound," not medical or surgical treatment. This language is clear and unambiguous.

Moreover, Defendant argues that *Berto v. Mutual Benefit Life*, No. 93 C 027, 1993 WL 222784 (N.D. Ill. June 21, 1993), extended the rule of *Senkier* beyond cases in which the insurance policy contained a medical exclusion clause. District court opinions have no precedential value and, therefore, are not binding. *Kohnke v. Delta Airlines, Inc.*, 932 F. Supp. 1110, 1113 (N.D. Ill. 1996). This Court respectfully declines to extend the *Senkier* holding to the language of the insurance policy here at issue.

**CONCLUSION**

For the reasons stated above, Defendant UnumProvident's Motion to Dismiss [7-1] is denied.

**IT IS SO ORDERED.**

_____
John W. Darrah, Judge
United States District Court

Date: _____